UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Janet Lucille Jones, | ) | C/A No. 4:15-cv-04992-RBH-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Darin Baucom; | ) | |
| Ed Unknown Last Name; | ) | |
| Gail Howell; | ) | |
| Rick Bhandari; | ) | |
| Greg Jones; | ) | |
| Michelle Smith; | ) | |
| Thomas Jurasko; | ) | |
| Janet Lovewell; | ) | |
| Pharmacist #2; | ) | |
| Phillip Harris; | ) | |
| Mike Oullette, and | ) | |
| BiLo-Winn Dixie, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This case is before the court because of Plaintiff's failure to fully comply with the undersigned's Orders of January 5, 2016 and February 11, 2016. ECF Nos. 8, 13. This case was filed by Plaintiff on December 17, 2015. ECF No. 1. Following initial review of Plaintiff's pleadings, she was ordered to provide service documents for Defendants listed in the caption of her Complaint and to answer special interrogatories. Plaintiff was specifically informed that if she failed to fully comply with the court's Order, her case might be recommended for dismissal. ECF No. 8.

Plaintiff submitted her Answers to the Court's Special Interrogatories on February 3, 2016, ECF No. 12, but she did not provide the service documents as directed. Instead, Plaintiff requested an extension of time in which to fully comply, ECF No. 11, which was granted on

February 11, 2016. The court extended Plaintiff's deadline to comply until March 25, 2016, nearly two months after the original January 29, 2016 deadline. In the February 11, 2016 Order, in light of her Answers to the Court's Special Interrogatories, Plaintiff was specifically directed to inform the court by March 25, 2016 *in writing* of her intent as to whether she wished to dismiss the case against one or more of the named Defendants. Plaintiff was also directed to fully comply with the court's initial Order. ECF No. 13. The extended deadline for Plaintiff's compliance with the court's Orders has now passed; however, review of the file discloses no further action by Plaintiff.

Accordingly, it is recommended that this case be dismissed *without prejudice* due to Plaintiff's failure to comply with this court's Order and failure to prosecute the case. *See* Fed. R. Civ. P. 41(b) (district courts may dismiss an action if a plaintiff fails to comply with "any order of the court."); *see also Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) (dismissal with prejudice appropriate where warning given); *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982) (court may dismiss *sua sponte*).

IT IS SO RECOMMENDED.

March 31, 2016                                                          Kaymani D. West
Florence, South Carolina                                        United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 2317**
> **Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).